IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LARON MCCLOUD, on behalf of himself and all others similarly situated, | § § § | CV NO. 7:14-CV-120 |
| Plaintiff, | § § | |
| v. | § § | |
| MCCLINTON ENERGY GROUP, L.L.C. and JAYCAR ENERGY GROUP, L.L.C. d/b/a JAYCAR FRAC PLUGS, | § § § § § | |
| Defendants. | § § | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is a Motion for Leave to Amend Complaint filed by Plaintiff Laron McCloud ("Plaintiff" or "McCloud"), on behalf of himself and all others similarly situated. ("Mot.," Dkt. # 48.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Amend Complaint.

BACKGROUND

The instant motion arises out of Plaintiff's employment from May 2012 to May 2014, when he worked for Defendants McClinton Energy Group,

1

LLC and Jaycar Energy Group, LLC (collectively, "Defendants")[1] as a plug technician[2] until he was promoted to shop foreman. ("McCloud Decl.," Dkt. # 17, Ex. 1 ¶ 2.) As a plug technician, Plaintiff participated in inserting composite plugs in the well bore of oil and natural gas wells as part of the hydraulic fracturing ("fracking") process and monitoring wire line speed and pressures. (Id. ¶ 3.) Plaintiff alleges that Defendants failed to pay him overtime, even though he routinely worked 16 to 20 hour days, six or seven days a week (id. ¶ 5), and that they inappropriately classified him as an employee exempt from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209 (id. ¶¶ 19, 27).

On July 10, 2014, Plaintiff filed a Complaint in this Court, naming McClinton and Jaycar as Defendants. ("Compl.," Dkt. # 1.) He asserted a failure to pay overtime claim under the FLSA on behalf of himself and all persons employed by Defendants as plug technicians from July 1, 2011 to the present. (Id. at 4–5.) Plaintiff sought unpaid overtime wages as liquidated damages, as well as attorney's fees and costs. (Id. at 5.) On February 20, 2015, the Court conditionally certified a class of persons employed by Defendants as plug technicians who were dispatched out of two particular yards over a three-year period. (Dkt. # 32 at 22.)

---

[1] Jaycar is a subsidiary of McClinton Energy Group. (Dkt. # 11, Ex. 1 ¶ 3.)

[2] Plug technicians are also referred to as "plug hands." (Mot. at 1.)

Meanwhile, on November 13, 2014, Plaintiff filed a second suit against Defendants in the Western District of Texas's San Antonio Division, which alleged that Plaintiff was terminated by Defendants three months after filing the instant action and the day after receiving a verbal warning for discussing employee compensation with other employees while at work.  Complaint, McCloud v. Jaycar, No. 7:15-cv-19, Dkt. # 1, at 1–3 (W.D. Tex. Nov. 13, 2014).  On February 20, 2015, the Court transferred the case to the Midland Division and ordered that the case be consolidated with the instant action.  (Dkt. # 14.)  Order Granting Motion to Change Venue, McCloud, No. 7:15-cv-19, Dkt. # 14 (W.D. Tex. Feb. 20, 2015).

On June 5, 2015, Plaintiff filed the instant Motion for Leave to Amend Complaint.  (Mot.)  On June 12, 2015, Defendants filed their Response.  ("Resp.," Dkt. # 49.)  Plaintiff did not file a reply.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a party has 21 days to amend a pleading as a matter of course.  Fed. R. Civ. P. 15(a).  To amend a pleading after that period, a party must obtain the opposing party's consent or the court's permission.  Id.

Generally, courts permit a plaintiff at least one opportunity to amend his complaint within the time permitted by the scheduling order.  Great Plains

Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). In deciding whether to grant leave, district courts consider the following five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment," and (5) "futility of the amendment." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## DISCUSSION

In his Motion, Plaintiff seeks leave to amend the Complaint to include twelve additional opt-in plaintiffs, a claim under 29 C.F.R. § 516, and a retaliation claim. (Mot., Ex. 1 ¶¶ 8–19, 46, 51–68.) Plaintiff also seeks leave to amend his damage claims to include reinstatement of his employment and damages for lost wages. (Id. at 9.) Although Defendants indicate that they are unopposed to Plaintiff's Motion, they nevertheless contend that the claim under 29 C.F.R. § 516 is futile and that the retaliation claim is duplicative of the claim raised in the member case. (Resp. ¶¶ 2–4.) The Court therefore addresses Defendants' arguments.

I.       Futility of Plaintiff's Proposed FLSA Records Violation Claim

Plaintiff seeks leave to amend his Complaint to include a recordkeeping violation under 29 C.F.R. § 516.  (Mot. ¶¶ 3–4; id., Ex. 1 ¶ 46.)  Defendants contend such a claim is futile.  (Resp. at 1.)

An amendment is futile when it "would fail to state a claim upon which relief could be granted," as determined under the 12(b)(6) standard.  Stripling, 234F.3d at 873.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under the FLSA, all employers subject to the FLSA are required to preserve accurate records reflecting the number of hours worked by employees.  29 U.S.C. § 211(c); Mohammadi v. Nwabuisi, 990 F. Supp. 2d 723, 738 (W.D. Tex. 2014) (citing 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(7)), affirmed in part and remanded in part on other grounds, --- F. App'x ----, 2015 WL 1323150 (5th Cir. Mar. 25, 2010).  However, the FLSA does not create a private cause of action for a violation of the recordkeeping provision; it is well established that enforcement of the recordkeeping provision rests solely with the Department of Labor.  Castillo v.

5

Givens, 704 F.2d 181, 198 n.41 (5th Cir. 1983) (noting that the FLSA provides "no private enforcement mechanism" in the event that an employer fails to abide by the FLSA's recordkeeping provision); Perez v. T.A.S.T.E. Food Prods., Inc., No. 5:13-CV-655-DAE, 2014 WL 412327, at *5–6 (W.D. Tex. Feb. 3, 2014) (dismissing plaintiff's recordkeeping violation claim because no private cause of action exists under the FLSA); see also Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 844 (11th Cir. 2002) (holding that employees do not have a cause of action for a recordkeeping violation). Consequently, Plaintiff's record-keeping violation claim is futile, and the Court **DENIES** Plaintiff leave to amend his Complaint with said claim.

        The Court notes that evidence of the record-keeping violations may nevertheless be relevant to Plaintiff's unpaid overtime claim, as such evidence would shift the burden of proving improper compensation from Plaintiff to Defendants. Reeves v. Int'l Tel. & Tel. Corp., 616 F.2d 1342, 1351 (5th Cir. 1980) (describing the burden); Mohammadi v. Nwabuisi, 990 F. Supp. 2d 723, 738–39 (W.D. Tex. 2014); Perez, 2014 WL 412327, at *6. The Court therefore emphasizes that the denial of leave to amend shall not preclude Plaintiff from introducing evidence of the record-keeping violation in support of his other claims as the case proceeds.

II.     Plaintiff's Proposed Retaliation Claim

Plaintiff also seeks leave to amend his Complaint with a retaliation claim and accompanying factual allegations and damages, all of which mirror the substance of the member case in this action. (Mot. ¶ 6; id., Ex. 1 at 7–8.) Defendants contend that the amendment is unnecessarily duplicative of the claim set forth in the member case.

While consolidation expedites trial resolutions and eliminates duplicative claims and confusion, it does not completely fuse the lead and member cases to the point that they are one single action. Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). In fact, the consolidated cases so retain their distinct identities that each requires its own judgment in order to protect the parties' rights. Shafer v. Army & Air Force Exch. Serv., 376 F.3d 386, 394 (5th Cir. 2004). Accordingly, the claim is not duplicative such that it would constitute a substantial reason for the Court to deny leave to amend, and the Court **GRANTS** Plaintiff leave to amend his Complaint with the retaliation claim, as well as the accompanying factual allegations and damage requests. See Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981) (holding that district courts may only deny leave to amend when there is a substantial reason for doing so); Galvan v. SBC Pension Ben. Plan, No. CIV. SA-04-CV-333-XR, 2007 WL 951535, at *3 (W.D. Tex. Mar. 28, 2007) (reciting that the court had granted the

plaintiff's unopposed motion to amend even though the amended complaint and a separate complaint filed by the plaintiff contained an identical claim, but had required her to inform the court how she would proceed with the two cases); In re Enron Corp. Sec., Derivative & ERISA Litig., 258 F. Supp. 2d 576, 609–11 (S.D. Tex. 2003) (holding that the plaintiff should be allowed to amend his complaint by adding a claim from a separate action because the defendant would suffer no prejudice).[3]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Amend (Dkt. # 48).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, July 20, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

---

[3] The Court notes, however, that Plaintiff does not have the right to "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985). Accordingly, once Plaintiff amends his Complaint, Defendants may have a basis to seek dismissal of the member case. See id.; Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp., 95 F.3d 358, 362 (5th Cir. 1996).